815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell HOPEWELL, Plaintiff-Appellant,
v.
John D. REES, Lt. Chandler, V. Stacy, and Mr. Poyle,
Defendants-Appellees.
 No. 86-6080.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for an injunction pending appeal from the district court's grant of summary judgment to the defendants in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint, the plaintiff was imprisoned at the Kentucky State Reformatory in LaGrange, Kentucky. The defendants are various prison officials. The complaint alleges that the plaintiff was denied the right to have a "legal aid counselor" represent him at a disciplinary hearing. The plaintiff alleged that this denial violated his due process rights. He requested $100.00 damages from each defendant.
 
 
 3
 The district court filed a memorandum opinion which construed the complaint to say that the plaintiff was denied the right to legal counsel at the disciplinary hearing. The court held that there was no right to legal counsel at such a hearing and granted summary judgment to the defendants.
 
 
 4
 The district court erred when it construed the complaint to refer to legal counsel. The plaintiff was referring to representation by another inmate or by a prison staff member under the regulations of the prison.
 
 
 5
 The district court's judgment, however, can be affirmed on another ground. The general rule is that a state creates a protected liberty interest by placing substantive limitations on official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). The use of mandatory language like the word "shall" can create such a liberty interest. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 11-12 (1979). The use of the word "may" can also create a protected liberty interest if the rest of the regulation imposes substantive limitations. Spruytte v. Walters, 753 F.2d 498, 507-08 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986).
 
 
 6
 In the present case, the prison regulation cited by the plaintiff says representation by a legal aid counselor "may" be considered. The regulation imposes no substantive limitations upon the prison official's discretion. See Olim, supra, at 242-43 and 249-50. So the regulation does not create a protected liberty interest. The district court's judgment can be affirmed on this ground.
 
 
 7
 The plaintiff's motion for an injunction is addressed to a prison official at the Kentucky State Penitentiary where he is currently imprisoned. This official is not a party to this appeal. It would, therefore, be inappropriate for this Court to pass upon the merits of that motion. The district court is the proper place to raise such a claim.
 
 
 8
 The motion for an injunction is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.